EXHIBIT
3

IN THE CIRCUIT COURT
FOR ANNE ARUNDEL COUNTY, MARYLAND


MELISSA MCKEE, IN HER CAPACITY        )
AS PERSONAL REPRESENTATIVE OF          )
THE ESTATE OF MARIA BAKER,             )
15623 JILLIANS FOREST WAY              )
CENTREVILLE, VA 20120                  )
                                       )
AND                                    )
                                       )
ELLIOT MCKEE                           )
15623 JILLIANS FOREST WAY              )
CENTREVILLE, VA 20120                  )
                                       )
AND                                    )
                                       )
SAMUEL MCKEE                           )
15623 JILLIANS FOREST WAY              )
CENTREVILLE, VA 20120                  )
                                       )
AND                                    )
                                       )
CHARLES MCKEE                          )
15623 JILLIANS FOREST WAY              )
CENTREVILLE, VA 20120                  )
                                       )
AND                                    )
                                       )
ANDREW MCKEE                           )
15623 JILLIANS FOREST WAY              )
CENTREVILLE, VA 20120                  )
                                       )
            Plaintiffs,                )        C-02-CV-25-002469
vs.                                    )  Case No._____
                                       )
JASON BAKER                            )
10955 WINDS CROSSING DRIVE             )
SUITE 100                              )
CHARLOTTE, NC 28273                    )
                                       )
AND                                    )

1

```
                                       )
   BAKER WEALTH MANAGEMENT, INC.       )
   10955 WINDS CROSSING DRIVE          )
   SUITE 100                           )
   CHARLOTTE, NC 28273                 )
                                       )
   SERVE ON:                           )
   JASON BAKER                         )
   10955 WINDS CROSSING DRIVE          )
   SUITE 100                           )
   CHARLOTTE, NC 28273                 )
                                       )
                   Defendants.         )
   _____)
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Melissa McKee, in her capacity as the Personal Representative of the Estate of Maria Baker, Elliott McKee, Samuel McKee, Charles McKee and Andrew McKee, by their undersigned counsel, hereby file this Complaint and Demand for Jury Trial against Defendants, Jason Baker and Baker Wealth Management, Inc., and in support thereof allege as follows:

## I. JURISDICTION AND VENUE

1.    Plaintiffs invoke the jurisdiction of this Court pursuant to Md. Code Ann., Cts. and Jud. Proc. Article, §§ 6-101 *et seq.*

2.    Venue is proper in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. Article, §§ 6-201 and 6-202.

3. The amount in controversy herein exceeds the sum of $30,000.00, exclusive on interest and costs.

## II. **PARTIES**

4. Melissa McKee is a citizen of the Commonwealth of Virginia who resides at 15623 Jillians Forest Way, Centreville, Virgina 20120. Melissa McKee is the adult daughter of Maria Baker. Maria Baker died on March 23, 2024. On or about April 1, 2024, Melissa McKee was appointed the Personal Representative of the Estate of Maria Baker by the Register of Wills for Anne Arundel County, Maryland. Maria Baker was a resident of Annapolis, Maryland at the time of her death and at times relevant to this Complaint. Melissa McKee brings this Complaint in her capacity as the duly appointed Personal Representative of the Estate of Maria Baker which was opened and is being administered in Anne Arundel County, Maryland.

5. Elliott McKee is a grandson of Maria Baker who resides at 15623 Jillians Forest Way, Centreville, Virginia 20120. Elliott McKee is an heir, legatee and interested person of the Estate of Maria C. Baker and is identified in Maria Baker's Last Will and Testament, dated March 5, 2018, as a 20% or one-fifth beneficiary of two brokerage accounts titled in the name of Maria Baker and maintained through Fidelity Brokerage Services, LLC.

6.     Samuel McKee is a grandson of Maria Baker who resides at 15623 Jillians Forest Way, Centreville, Virginia 20120. Samuel McKee is an heir, legatee and interested person of the Estate of Maria Baker and is identified in Maria Baker's Last Will and Testament, dated March 5, 2018, as a 20% or one-fifth beneficiary of two brokerage accounts titled in the name of Maria Baker and maintained through Fidelity Brokerage Services, LLC.

7.     Charles McKee is a grandson of Maria Baker who resides at 15623 Jillians Forest Way, Centreville, Virginia 20120. Charles McKee is an heir, legatee and interested person of the Estate of Maria Baker and is identified in Maria Baker's Last Will and Testament, dated March 5, 2018, as a 20% or one-fifth beneficiary of two brokerage accounts titled in the name of Maria Baker and maintained through Fidelity Brokerage Services, LLC.

8.     Andrew McKee is a grandson of Maria Baker who resides at 15623 Jillians Forest Way, Centreville, Virginia 20120. Andrew McKee is an heir, legatee and interested person of the Estate of Maria C. Baker and is identified in Maria Baker's Last Will and Testament, dated March 5, 2018, as a 20% or one-fifth beneficiary of two brokerage accounts titled in the name of Maria Baker and maintained through Fidelity Brokerage Services, LLC.

9.  Jason Baker is a SEC registered investment advisor with a business address at 10955 Winds Crossing Drive, Suite 100, Charlotte, North Carolina 28273. Jason Baker is the adult son of Maria Baker, and at all times relevant to this Complaint, served as Maria Baker's financial advisor. Jason Baker provided the financial advisory services at issue in this Complaint to Maria Baker, while Maria Baker was located within the State of Maryland. Jason Baker is a plaintiff in a caveat proceeding currently pending in Circuit Court for Anne Arundel County captioned as follows: *In Re: Estate of Maria Baker # 111936*, Case No.: C-02-CV-25-000220.

10.  Baker Wealth Management, Inc. is a corporate entity formed by Jason Baker as a trade name or "DBA" for the financial advisory services Jason Baker provided to his clients. Baker Wealth Management, Inc. is a corporation formed under the laws of North Carolina and has a business address at 10955 Winds Crossing Drive, Suite 100, Charlotte, North Carolina 28273. Baker Wealth Management, Inc., by and through the acts and omissions of its employee, officer, owner and/or servant, Jason Baker, provided the financial advisory services at issue in this Complaint to Maria Baker, while Maria Baker was located within the State of Maryland.

## II. **FACTS COMMON TO ALL COUNTS**

### A. **MARIA C. BAKER'S USE OF HER SON AS HER FINANCIAL ADVISOR**

11. In approximately July 2017, Maria Baker opened two brokerage accounts through Fidelity Investment Services, LLC in which her son, Jason Baker, was identified as the financial advisor of record. Maria Baker was 76 years old in July 2017 and was single having been previously divorced. At the time the accounts were opened in July 2017, the accounts had a combined estimated value of $500,000. Additionally, at the time each account was opened in July 2017, each account was set up with a transfer on death designation in which Jason Baker and Melissa McKee would each receive fifty (50%) percent of the value of each account upon Maria Baker's death.

12. In late 2017 and into 2018, Maria Baker hired an estate planning lawyer named Lindsey Erdmann to provide estate planning services in light of her decision to marry a gentleman named Jack Kersh. Maria Baker informed Jack Kersh of her desire to leave the bulk of her assets to her grandchildren.

13. Maria Baker informed Lindsey Erdmann of her desire to divide the two Fidelity accounts equally amongst her five grandchildren. The five grandchildren consisted of Melissa McKee's four boys and Jason Baker's one daughter. Maria Baker's desire to

divide the two Fidelity account equally amongst her five grandchildren is evidenced by Section II(g) of her Last Will and Testament dated March 20, 2018, which states as follows:

> All of my interest in Fidelity Brokerage Account #676-XXXXXX and Fidelity Brokerage Account #676-XXXXXX to my five grandchildren, namely ELLIOTT BAKER MCKEE, SAMUEL EDWARD MCKEE, CHARLES GABRIEL MCKEE, ANDREW RITCHIE MCKEE, and JORDAN MARIE BAKER, in equal shares by right of representation. It is my specific direction that my Personal Representative shall have the sole and absolute discretion to determine whether said interest shall be distributed in kind or shall be liquidated prior to distribution.

*See* Maria Baker's Last Will and Testament attached as **EXHIBIT A.**

14. Also, during the year 2018, Maria Baker informed Jason Baker that she wanted the transfer on death designations for the two Fidelity to be changed to reflect her desire that both accounts be divided equally amongst her five grandchildren. When informed of this change, Jason Baker became upset and cursed his mother for significantly diminishing his future inheritance. Maria Baker communicated Jason Baker's emotional outburst to both her attorney, Lindsey Erdmann, and her then fiancé and future husband, Jack Kersh. Despite Jason Baker's vocal objection to the change of beneficiary designations for the two Fidelity accounts, Maria Baker believed that Jason Baker had honored her wishes and updated the beneficiary designations forms for each Fidelity account.

15. Unbeknownst to Maria Baker was that Jason Baker had ignored his professional responsibilities and falsely indicated to Maria Baker that he would update the beneficiary forms as directed. Jason Baker's statements that he would update the beneficiary forms were false and made with an intent to deceive Maria Baker in violation of his fiduciary obligations as Maria Baker's financial advisor and to improperly advance his own personal financial interests over those of his client, Maria Baker. Jason Baker concealed his deceitful conduct from the time Maria Baker directed that the beneficiary designations be updated in 2018 until the time of her death in March 2024.

16. Maria Baker's attorney and her husband, Jack Kersh, will verify that Maria Baker directed Jason Baker to update the beneficiary forms for the two Fidelity accounts.

17. In related proceedings prior to the filing of this Complaint, Jason Baker has taken the position that he provided Maria Baker with "instructions" on how to change the beneficiary designations for each of the Fidelity accounts, and that Maria Baker failed to act on those "instructions" and changed her mind about changing the beneficiary designations. Plaintiffs specifically deny those allegations. Plaintiffs will demonstrate that the "instructions" allegedly provided by Jason Baker were

intentionally false and misleading and that, contrary to Jason Baker's false claim that Maria Baker changed her mind, Maria Baker wanted her two Fidelity accounts equally divided amongst her five grandchildren at her death and believed that she had made the necessary arrangements to do so.

18. It was only after Maria Baker passed away in March 2024, that Plaintiffs realized that Jason Baker had intentionally violated his fiduciary obligations and failed to update the beneficiary forms for his own financial benefit.

19. Jason Baker's deceitful intent is furthered evidenced by the fact that while attending wake services for Maria Baker after her death, Jason Baker wrongfully took possession of an envelope, addressed to Jack Kersh from the funeral home, which contained multiple original sealed copies of Maria Baker's Death Certificate. Jason Baker, without the permission of Jack Kersh or Melissa McKee, the Personal Representative of Maria Baker's Estate, took the original sealed death certificates and utilized them to have Fidelity Investment Services, LLC transfer fifty (50%) of the two Fidelity accounts to an account controlled by Jason Baker.

20. As a result of Jason Baker's deceitful conduct, Maria Baker's five grandchildren have not received their rightful portion

of the two Fidelity accounts and Jason Baker has absconded with hundreds of thousands of dollars which do not belong to him.

## COUNT I
### (Actual Fraud)

21. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 20.

22. At all times material to this Complaint, Defendants owed Maria Baker a duty to make truthful representations regarding her accounts and to disclose all material facts with regard to their services as Maria Baker's financial advisor. Additionally, Defendants were required to refrain from making intentionally false and misleading statements to Maria Baker about her accounts. In addition, Defendants were required to honor Maria Baker's directives/instructions as to who should be the beneficiaries of her two Fidelity accounts.

23. In 2018, Jason Baker misrepresented to Maria Baker that he intended to update her beneficiary designations on her accounts as she directed with the intent to defraud. In addition, Defendants failed to inform Maria Baker that the beneficiary designations were not updated and that Jason Baker and Melissa McKee were still identified as the beneficiaries on her accounts. Defendants intended for Maria Baker to rely upon their omissions and

misrepresentations. To her detriment and the detriment of the intended beneficiaries of her two Fidelity accounts, her five grandchildren, Maria Baker reasonably and justifiably relied on Defendants' omissions and misrepresentations and remained unaware for the remainder of her life that the beneficiary designations had not been updated as she requested.

24. Defendants intentionally misled and defrauded Maria Baker for their own economic interest. As a result of Defendants' conduct, Jason Baker received one half of Maria Baker's accounts at her death and has refused to transfer those funds to the intended beneficiaries, Maria Baker's five grandchildren.

25. As a proximate result of Defendants' fraudulent omissions and misrepresentations, Plaintiff has suffered substantial damages.

26. Defendants acted with actual malice, spite, ill-will, and intent to injure and defraud Maria Baker and her grandchildren by engaging in fraudulent conduct with regard to the Fidelity accounts' beneficiary designations.

WHEREFORE, Plaintiff, Melissa McKee, in her capacity as the Personal Representative of the Estate of Maria Baker, request that judgement be entered in her favor and against all Defendants, jointly and severally, for compensatory in an amount in excess of

$75,000, punitive damages in an amount of $500,000, pre-judgment interest and such other and further relief as justice may require.

## COUNT II
### (Constructive Fraud)

27. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 26.

28. In violation of the fiduciary duties owed to Plaintiffs, Defendants, by and through its employee, officer, owner and/or servant, Jason Baker, intentionally deceived Maria Baker into believing her Fidelity accounts would be divided equally amongst her five grandchildren upon her death and/or provided Maria Baker with false instructions on how the beneficiaries designations could be updated without Jason Baker's assistance. Defendants' actions constituted constructive fraud because they were inherently deceptive and actually deceived Maria Baker into thinking that her Fidelity account beneficiary designations reflected her intentions and estate planning goals. Moreover, Defendants' conduct in failing to honor Maria Baker's instructions to update her account beneficiary designations and/or providing false instructions regarding the procedure to update the beneficiary designations herself as they did would have the tendency to deceive the public at large, and Maria Baker in particular.

29.  Due to Defendants' superior knowledge of the securities industry, Maria Baker reposed trust and confidence in Defendants and reasonably and justifiably relied on them to conduct themselves so as to honor her estate planning directives. At all times, Maria Baker reasonably believed that Defendants followed her instructions and updated her beneficiary designations as directed.

30.  As a proximate result of Defendants' conduct, Maria Baker and her five grandchildren suffered substantial damages.

31.  Defendants acted with actual malice, spite, ill-will, and intent to injure and defraud Maria Baker and her grandchildren by engaging in fraudulent conduct with regard to the Fidelity accounts beneficiary designations.

WHEREFORE, Plaintiff, Melissa McKee, in her capacity as the Personal Representative of the Estate of Maria Baker, request that judgement be entered in her favor and against all Defendants, jointly and severally, for compensatory in an amount in excess of $75,000, punitive damages in an amount of $500,000, pre-judgment interest and such other and further relief as justice may require.

## COUNT III
### (Negligent Misrepresentation/Omission of Material Facts)

32. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 31.

33. At all times material to this Complaint, Defendants owed Maria Baker a duty to disclose all material facts with regard to their services as Maria Baker's financial advisor, and to avoid acts that put Defendants' financial interests in conflict with those of Plaintiffs. Defendants were required to exercise their duties with the utmost good faith and integrity. Defendants had a duty to honor Maria Baker's directives/instructions as to who should be the beneficiaries of her two Fidelity accounts. Additionally, Defendants were required to refrain from making false and misleading statements regarding their intention to update the beneficiary designations for the Fidelity accounts and/or providing false instructions as to the proper procedure for updating the beneficiary designations.

34. In violation of the aforementioned duties, Defendants, by and through its agent, servant and/or employee, Jason Baker, made material omissions and misrepresentations regarding his intention to update the beneficiary forms as directed by Maria Baker in 2018 with the intent to mislead. In addition, Jason Baker

failed to inform her that he remained a beneficiary of her accounts and/or provided false instructions as to the proper procedure for updating the beneficiary designations. Maria Baker reasonably and justifiably relied on Defendants' omissions and misrepresentations to her detriment and the detriment of the intended beneficiaries of her two Fidelity accounts, her five grandchildren.

35. As a proximate result of Defendants' omissions and misrepresentations, Plaintiffs have suffered substantial damages.

WHEREFORE, Plaintiff, Melissa McKee, in her capacity as the Personal Representative of the Estate of Maria Baker, request that judgement be entered in her favor and against all Defendants, jointly and severally, for compensatory in an amount in excess of $75,000, pre-judgment interest and such other and further relief as justice may require.

## COUNT IV
### (Breach of Fiduciary Duty/Negligence)

36. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-35.

37. Defendants owed Maria Baker both a legal and fiduciary duty to employ such care, skill, prudence and judgment as might reasonably be expected of skilled professional financial advisors in the handling and management of Maria Baker's accounts.

15

38. Defendants owed Plaintiff a further duty to execute her instructions regarding the beneficiary designations for the two Fidelity accounts, not conceal their failure to execute those instructions and/or to provide accurate instructions as to the proper procedure for updating the beneficiary designations.

39. Defendants breached their duties to Maria Baker and her five grandchildren in the following ways:

   a. Failed to execute her instructions regarding the beneficiary designations for the two Fidelity accounts; and

   b. Failed to disclose that it was not going to act on Maria Baker's instructions to change or amend the beneficiary designations to her Fidelity accounts; and/or

   c. Provided false and/or incorrect instructions with regard to the proper procedure for updating the beneficiary designations.

40. Maria Baker suffered substantial damages proximately caused by Defendants' negligent handling and management of the two Fidelity accounts.

WHEREFORE, Plaintiff, Melissa McKee, in her capacity as the Personal Representative of the Estate of Maria Baker, request that judgement be entered in her favor and against all Defendants, jointly and severally, for compensatory in an amount in excess of $75,000, pre-judgment interest and such other and further relief as justice may require.

## COUNT V
### (Breach of Contract)

41. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-40.

42. Maria Baker entered into contractual agreements with Defendants whereby, in consideration for commissions, fees and other considerations, she engaged Defendants to act as her financial advisor with regard to her brokerage accounts at Fidelity. As her financial advisor, Defendants were obligated to honor her instructions as they related to the beneficiary designations of each of the two Fidelity accounts.

43. Defendants breached the aforesaid contract by, among other things, failing to follow Maria Baker's instructions regarding account beneficiary designations and/or providing incorrect instructions as to the proper procedure for updating beneficiary designations.

44. As a result of Defendants' breaches, Maria Baker lost the opportunity to correct her beneficiary designations prior to her death, requiring her estate to file litigation, and preventing her five grandchildren from receiving her Fidelity accounts at Maria Baker's death. The Estate of Maria Baker has incurred substantial legal expenses and other related damages arising out of these breaches of contract by Defendants.

WHEREFORE, Plaintiffs, Melissa McKee, in her capacity as the Personal Representative of the Estate of Maria Baker, request that judgement be entered in her favor and against all Defendants, jointly and severally, for compensatory in an amount in excess of $75,000, pre-judgment interest and such other and further relief as justice may require.

## COUNT VI
### (CONVERSION)

45. Plaintiffs incorporate by reference the allegations in paragraphs 1-44.

46. Maria Baker was the owner of the two Fidelity accounts and had the unilateral right to elect who would be the beneficiaries of those two accounts. Maria Baker instructed Jason Baker to update the beneficiary designations for both accounts to have the accounts divided equally amongst her five grandchildren at the time of her death.

47. Jason Baker, in violation of Maria Baker's instructions, concealed and failed to amend the beneficiary designations as instructed and instead allowed the beneficiary to remain unchanged for his personal financial benefit.

48. Shortly after Maria Baker's death, Jason Baker, unlawfully converted fifty (50%) of the proceeds from the two Fidelity accounts to an account in his own name in contradiction

to the instructions provided to him by Maria Baker thereby depriving Maria Baker's grandchildren of assets held in Maria Baker's Fidelity accounts to which they were entitled.

49. Jason Baker committed these unlawful acts of conversion while acting as the employee, servant, officer and/or owner of Baker Wealth Management, Inc.

50. Jason Baker acted with actual malice, ill-will and intent to injure Maria Baker and her five grandchildren when he unlawfully converted fifty (50%) of the two Fidelity accounts to his own use.

WHEREFORE, Plaintiff, Melissa McKee, in her capacity as the Personal Representative of the Estate of Maria Baker, request that judgement be entered in her favor and against all Defendants, jointly and severally, for compensatory in an amount in excess of $75,000, punitive damages in an amount of $500,000, pre-judgment interest and such other and further relief as justice may require.

### COUNT VII
**(TORTIOUS INTERFERENCE WITH EXPECTED INHERITANCE)**

51. Plaintiffs incorporate by reference the allegations in paragraphs 1-50.

52. As is set forth in her Last Will and Testament and her communications with her estate planning attorney, daughter, and Defendants, Maria Baker decided to leave her assets to her

grandchildren at her death and wanted her grandchildren to be the beneficiaries of her two Fidelity accounts. Maria Baker instructed Jason Baker to update the beneficiary designations for both accounts to have the accounts divided equally amongst her five grandchildren at the time of her death. Plaintiffs, Elliott McKee, Samuel McKee, Charles McKee, and Andrew McKee, the grandchildren of Maria Baker, had a reasonable expectation of inheriting Maria Baker's Fidelity accounts based on her stated instructions.

53. Jason Baker, in violation of Maria Baker's instructions, failed to amend the beneficiary designations as instructed and instead allowed the beneficiary to remain unchanged for his personal financial benefit. He concealed his failure to update the designations allowing Maria Baker to believe that her instructions had been carried out and that her Fidelity accounts would be paid to her five grandchildren upon her death.

54. As a result of Defendants' wrongful and/or tortious conduct, Elliott McKee, Samuel McKee, Charles McKee and Andrew McKee were not the designated beneficiaries on the accounts at the time of Maris Baker's death and contrary to Maria Baker's wishes, Jason Baker received fifty percent (50%) of the proceeds of the Fidelity accounts.

55. Jason Baker wrongfully and/or tortiously interfered with Plaintiffs' expected inheritance while acting as the

employee, officer, owner and/or servant of Baker Wealth Management, Inc.

WHEREFORE, Plaintiffs, Elliott McKee, Smauel McKee, Charles McKee and Andrew McKee, request that judgement be entered in their favor and against all Defendants, jointly and severally, for compensatory in an amount in excess of $75,000, punitive damages in an amount of $500,000, pre-judgment interest and such other and further relief as justice may require.

Respectfully submitted,

_____/s/ Thomas C. Costello_____
Thomas C. Costello, #9412430142
Anne L. Preston, #0912160172
tcc@costellolawgroup.com
alp@costellolawgroup.com
Costello Law Group
409 Washington Avenue, Suite 410
Towson, Maryland 21204
(410) 832-8800

And

_____/s/ Jonathan P. Kagan_____
Jonathan P. Kagan, # 9312150108
kagan@kaganstern.com
Veronica J. Mina, # 2112150009
mina@kaganstern.com
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Phone:    (410) 216-7900
Facsimile:    (410) 705-0836

Attorneys for Plaintiffs

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demand and request that all claims, actions and causes of action set forth in the Complaint filed in the above-captioned claim be tried before a jury.

/s/ Thomas C. Costello
Thomas C. Costello

**EXHIBIT**

**1**

# LAST WILL AND TESTAMENT

### OF

### MARIA CONCETTA BAKER

FILED

APR 0 1 2024

REGISTER OF WILLS
ANNE ARUNDEL COUNTY, MD

I, **MARIA CONCETTA BAKER,** a domiciliary of the State of Maryland, presently residing at 2010 Quay Village Court, Unit 201, Annapolis, Maryland 21403, being of sound and disposing mind, memory and understanding, capable of executing a valid deed, contract or will, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all other wills or codicils heretofore made by me.

### ITEM ONE
### DEBTS AND FUNERAL EXPENSES

It is my will, and I hereby direct that all of my just debts, funeral expenses in such amount as may be determined by my Personal Representative, hereinafter named, notwithstanding the fact that they may exceed the preferred statutory limit, all costs of administering my estate, and all state and federal taxes that may be levied against my estate, or any beneficiary thereof, at the time of my death, shall be paid by my Personal Representative, as soon after my demise as possible. The term "just debts" shall not be construed to include mortgages on any real estate which I own at the time of my death nor any business obligations scheduled for amortization over a period of time which may not yet have matured. My Personal Representative is authorized to destroy or give away any articles of my tangible personal property that my Personal Representative shall deem unsuitable for sale or distribution and that have little or no value. I request that in making distribution of my tangible personal property my Personal Representative consider any written directions that I may execute concerning the distribution thereof. All expenses (including insurance) incurred in connection with the temporary storage, safekeeping, packing, shipping, and delivery of any gift of my tangible personal property under this Will shall be charged as an administration expense of my estate. All decisions of my Personal Representative regarding the identity, ownership or existence of items of my tangible personal property shall be final and binding on all interested persons.

_Maria I. Baker_

**MARIA CONCETTA BAKER**

McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.
GREENBELT OFFICE: 6411 IVY LANE, SUITE 200, GREENBELT, MARYLAND 20770
ANNAPOLIS OFFICE: 888 BESTGATE ROAD, SUITE 402, ANNAPOLIS, MARYLAND 21401

## ITEM TWO
## SPECIFIC BEQUESTS

After payment of debts, taxes and costs as above provided, I give and devise the following specific bequests:

A.      All of my interest in the real property known as 2010 Quay Village Court, Unit 201, Annapolis, Maryland 21403, and the furniture, furnishings, and contents therein (excluding that distributed pursuant to Items 2(D), 2(E), and 2(F) hereinbelow), to my Daughter, **MELISSA BAKER MCKEE**, provided she survives me. In the event that my Daughter, Melissa Baker McKee, does not survive me, then and in that event I give, devise and bequeath said Specific Bequest unto her issue, in equal shares, by right of representation.

B.      My diamond bracelet to my Granddaughter, **JORDAN MARIE BAKER**, provided she survives me. In the event that my Granddaughter, Jordan Marie Baker, does not survive me, or in the event she has disclaimed this piece of jewelry, then and in that event I give, devise and bequeath said Specific Bequest in accordance with Item 2(C) hereinbelow.

C.      All other jewelry owned by me at the time of my death to my Daughter, **MELISSA BAKER MCKEE**, provided she survives me. In the event that my Daughter, Melissa Baker McKee, does not survive me, then and in that event I give, devise and bequeath said Specific Bequest unto my five (5) Grandchildren, namely **ELLIOTT BAKER MCKEE, SAMUEL EDWARD MCKEE, CHARLES GABRIEL MCKEE, ANDREW RITCHIE MCKEE, and JORDAN MARIE BAKER,** in equal shares, by right of representation. I intend that these beneficiaries shall work together to determine an agreeable in kind disposition of these items between themselves. To the extent these beneficiaries are not able to agree upon an in kind disposition, my Personal Representative shall have sole and absolute discretion to divide the property in kind between the beneficiaries, using whatever means the Personal Representative deems appropriate. In making the division, the value of the jewelry may, but need not be considered. Any decision by my Personal Representative in the distribution shall be final, absolute, and binding on the beneficiaries.

MARIA CONCETTA BAKER

D.     The large painting depicting three flower pots to my Son, **JASON M. BAKER**, provided he survives me.  In the event that my Son, Jason M. Baker, does not survive me, or in the event he has disclaimed this painting, then and in that event I give, devise and bequeath said Specific Bequest in accordance with Item 2(F) hereinbelow.

E.     The painting depicting brown flower pot and flowers to my Granddaughter, **JORDAN MARIE BAKER**, provided she survives me.  In the event that my Granddaughter, Jordan Marie Baker, does not survive me, or in the event she has disclaimed this painting, then and in that event I give, devise and bequeath said Specific Bequest in accordance with Item 2(F) hereinbelow.

F.     All other paintings and artwork owned by me at the time of my death to my Daughter, **MELISSA BAKER MCKEE**, provided she survives me.  In the event that my Daughter, Melissa Baker McKee, does not survive me, then and in that event I give, devise and bequeath said Specific Bequest unto my five (5) Grandchildren, namely **ELLIOTT BAKER MCKEE, SAMUEL EDWARD MCKEE, CHARLES GABRIEL MCKEE, ANDREW RITCHIE MCKEE, and JORDAN MARIE BAKER,** in equal shares, by right of representation.  I intend that these beneficiaries shall work together to determine an agreeable in kind disposition of these items between themselves.  To the extent these beneficiaries are not able to agree upon an in kind disposition, my Personal Representative shall have sole and absolute discretion to divide the property in kind between the beneficiaries, using whatever means the Personal Representative deems appropriate.  In making the division, the value of the artwork may, but need not be considered.  Any decision by my Personal Representative in the distribution shall be final, absolute, and binding on the beneficiaries.

G.     All of my interest in Fidelity Brokerage Account #676-748881 and Fidelity Brokerage Account #676-748620 to my five (5) Grandchildren, namely **ELLIOTT BAKER MCKEE, SAMUEL EDWARD MCKEE, CHARLES GABRIEL MCKEE, ANDREW RITCHIE MCKEE, and JORDAN MARIE BAKER,** in equal shares, by right of representation.  It is my specific direction that my Personal Representative shall have the sole and absolute discretion to determine whether said interest shall be distributed in kind or shall be liquidated prior to distribution.

*Maria I. Baker*
_____
**MARIA CONCETTA BAKER**

**McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.**
GREENBELT OFFICE: 6411 IVY LANE, SUITE 200, GREENBELT, MARYLAND 20770
ANNAPOLIS OFFICE: 888 BESTGATE ROAD, SUITE 402, ANNAPOLIS, MARYLAND 21401

H.    All of my interest in any checking account held by me at BB&T Bank at the time of my death to my Daughter, **MELISSA BAKER MCKEE**, provided she survives me. In the event that my Daughter, Melissa Baker McKee, does not survive me, then and in that event I give, devise and bequeath said Specific Bequest unto her issue, in equal shares, by right of representation.

## ITEM THREE
## RESIDUARY ESTATE

After payment of debts, taxes and costs as above provided, and satisfaction of the Specific Bequests provided for in Item Two hereinabove, I hereby give, devise and bequeath the entire rest, residue and remainder of my estate, as follows:

A.    Fifty Percent (50%) to my Daughter, **MELISSA BAKER MCKEE**, by right of representation, provided she survives me. In the event that she does not survive me, then and in that event I give, devise and bequeath the share of such deceased beneficiary unto her issue, in equal shares, by right of representation; and

B.    Fifty Percent (50%) to my Son, **JASON M. BAKER,** by right of representation, provided he survives me. In the event that he does not survive me, then and in that event I give, devise and bequeath the share of such deceased beneficiary unto his issue, in equal shares, by right of representation.

## ITEM FOUR
## MARIA CONCETTA BAKER TESTAMENTARY TRUST

The share of any beneficiary as has attained the age of twenty-five (25) years shall be distributed to him or her outright and free of trust. In the case of any such beneficiary as has not attained such age at the time of distribution of my estate, his or her share shall not be distributed to him or her outright but shall, rather, be distributed to my Trustee, hereinafter named (hereinafter referred to in the neuter singular gender), to hold, manage, invest and reinvest the same as the **MARIA CONCETTA BAKER TESTAMENTARY TRUST** hereunder.

A.    *Discretionary Distributions*.  During such time that the share of an underage beneficiary remains in trust, the Trustee may pay such amount of the principal and/or net income of

**MARIA CONCETTA BAKER**

McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.
GREENBELT OFFICE: 6411 IVY LANE, SUITE 200, GREENBELT, MARYLAND 20770
ANNAPOLIS OFFICE: 888 BESTGATE ROAD, SUITE 402, ANNAPOLIS, MARYLAND 21401

such share as the Trustee may from time to time, in its sole but generous discretion, deems necessary or advisable for his or her health, education, maintenance and support, taking into account his or her other available sources of income, as well as his or her other available liquid assets.

B.    *Mandatory Staged Distribution*.  Thereafter and as each beneficiary attains the age of twenty-five (25) years, the Trustee is directed to pay over to him or her all of the remainder of the corpus and undistributed income of his or her individual share of the Trust, free of further trust.  As to such beneficiary's share, this trust shall thereupon terminate.  Notwithstanding such general guidance as to the intent of the Settlor, the actual distribution of principal and income of each such trust share shall be determined by the Trustee in its sole and absolute discretion.  Distributions of income and/or principal of each trust share may, thus, be made according to whatever distribution schedule the Trustee determines is best for each such beneficiary, or withheld completely, so long as each share is finally distributed within a reasonable time after the beneficiary of that share attains the age of thirty (30) years.

C.    *Death of Beneficiary*.  If any beneficiary shall die prior to complete distribution of his or her share, the Trustee shall transfer, pay over and convey such share in equal portions to his or her issue, by right of representation, and in default thereof, unto the beneficiaries named in Item Three.

## ITEM FIVE
## TRUSTEE POWERS

The Trustee of each and every trust created hereunder shall have full power and authority to manage, invest and reinvest said trust estate as it shall exist at any time, to sell the same or any part thereof at public or private sale, without order of any court, and to execute and deliver good and sufficient deeds or other instruments, to convey and transfer the same, no purchasers being bound to look to the application of the purchase money; to decide all questions as to what constitutes income, or principal, and to determine whether premiums and discounts on investments shall be charged against or credited to income or principal or apportioned between them; to hold bonds or other securities in bearer and unregistered form and to hold securities in the name of the Trustee or of a nominee without indicating any trust, or in the name of any other person, firm or corporation,

**MARIA CONCETTA BAKER**

McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.
GREENBELT OFFICE: 6411 IVY LANE, SUITE 200, GREENBELT, MARYLAND 20770
ANNAPOLIS OFFICE: 888 BESTGATE ROAD, SUITE 402, ANNAPOLIS, MARYLAND 21401

endorsed in blank or with the power of attorney for their transfer attached; to manage and invest separate shares of trust as joint trust funds consisting of undivided interests, and to invest the trust funds or any part thereof in participation in any common trust fund of any bank or trust company now in existence or hereafter created, and the Trustee shall not be required to give notice that such investment is to be made; to retain any property or securities originally received by it, and to retain, invest and reinvest in securities or other property of a kind or in a proportion which ordinarily might not be construed suitable for a trust investment, without being restricted by any statute or rule of law concerning fiduciary investments, provided, however, unproductive property shall be made productive or sold within a reasonable time; and in making payments of and in distributing principal the Trustee shall have full power and authority to sell and convert into money the whole or any part of said trust estate, no purchaser being bound to look to the application of the purchase money, and may make such payments or distributions in cash or in kind or partly in each, the determination of the Trustee with respect thereto to be conclusive and binding upon all persons.

### ITEM SIX
### SAVINGS CLAUSE

Should any part, clause, provision or condition of this Will be held to be void, invalid or inoperative, I then direct that such invalidity shall not affect any other clause, provision or condition hereof; but the remainder of this Will shall be effective as though such clause, provision or condition had not been contained herein.

### ITEM SEVEN
### SPENDTHRIFT PROVISION

To the extent permitted by law, the beneficiaries of any Trust created hereunder shall not have any right to assign, transfer, hypothecate, encumber, anticipate or commute their interests in any distributions or payments made hereunder. To the extent permitted by law, such distributions or payments shall not in any way be subject to any legal process levying upon or attaching the same for payment of any claims against any of the beneficiaries. If any beneficiary shall alienate or attempt to alienate such income or principal, or if, by reason of bankruptcy, insolvency, or any other means,

MARIA CONCETTA BAKER

McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.
GREENBELT OFFICE: 6411 IVY LANE, SUITE 200, GREENBELT, MARYLAND 20770
ANNAPOLIS OFFICE: 888 BESTGATE ROAD, SUITE 402, ANNAPOLIS, MARYLAND 21401

said income or principal could no longer be personally enjoyed by such beneficiary, but would become vested in or payable to some other person, then the Trustee may in the Trustee's complete and uncontrolled discretion, refrain from paying such income or principal to such beneficiary in whole or in part, or apply it to the maintenance and support of such beneficiary, or pay the whole or part of it to one or more members of such beneficiary's family. Income withheld and not distributed under this provision may either be added to principal or, in the discretion of the Trustee carried forward and paid to or for the benefit of such beneficiary in future years.

## ITEM EIGHT
### DISABILITY OR INCAPACITY OF BENEFICIARY

Payments to or for any beneficiary of any such trust who may be under a legal disability or who, in the opinion of my Trustee, is incapable of properly managing his or her affairs, may be made, in the discretion of the Trustee, directly to such beneficiary, to his or her legal representative, or to any other person selected by the Trustee for expenditure on such beneficiary's behalf, or by the Trustee applying such payment directly for the benefit of such beneficiary. The Trustee shall not be liable to any beneficiary hereunder for any discretionary distributions or any determination made under this paragraph which were made in good faith.

## ITEM NINE
### EARLY TERMINATION PROVISION

Notwithstanding any other requirement or restriction contained herein, I direct that my Trustee shall have the absolute, final and exclusive discretion to terminate and end any trust herein created earlier in point of time than is otherwise stipulated herein, by making final distributions of any remaining property or money held therein to the then existing beneficiaries whenever in the sole opinion of my Trustee such action shall be in the best interests of said beneficiaries.

## ITEM TEN
### ACCESS TO DIGITAL ASSETS

With respect to digital assets, my Personal Representative, hereinafter named, shall have authority over and the right to access: (1) the content of any of the Settlor's electronic

**MARIA CONCETTA BAKER**

communications; (2) any catalogue of electronic communications sent or received by the Settlor; and (3) any other digital asset in which the settlor has a right or interest.

## ITEM ELEVEN
## RULE AGAINST PERPETUITIES

Pursuant to Section 11-102(e) of the Estate and Trust Article, Maryland Code Annotated, the rules against perpetuities does not apply to any Trust contained in this Last Will and Testament.

## ITEM TWELVE
## PERSONAL REPRESENTATIVES AND TRUSTEES

I hereby nominate, constitute and appoint, my Daughter, **MELISSA BAKER MCKEE**, to be the Personal Representative of my estate with full power and authority in her to sell at public or private sale and convey title to any property of which I may die seized and possessed without the need or authority of any court whatsoever, and I hereby request that she be excused from the necessity of furnishing bond for the faithful performance of the Trust reposed in her other than such as may be required by the court administering my estate to guarantee payment of debts, taxes and costs properly chargeable thereto. In the event of the death, incapacity or failure of my Daughter, **MELISSA BAKER MCKEE**, to qualify as such, I nominate and appoint **THOMAS MARK SANFACON** to serve as my Substitute Personal Representative hereunder. All powers and authorities hereby vested in my Personal Representative shall be vested in my Substitute Personal Representative.

As the Trustee of any trust created hereunder for the benefit of the issue of Melissa Baker McKee, I nominate and appoint my Daughter, **MELISSA BAKER MCKEE**, to serve as Trustee hereunder. In the event of the death, incapacity or failure of my Daughter, **MELISSA BAKER MCKEE**, to qualify as such, I nominate and appoint **THOMAS MARK SANFACON** to serve as my Successor Trustee of any trust created hereunder for the benefit of the issue of Melissa Baker McKee.

As the Trustee of any trust created hereunder for the benefit of the issue of Jason M. Baker, I nominate and appoint my Son, **JASON M. BAKER**, to serve as Trustee hereunder. In the event of

_____
**MARIA CONCETTA BAKER**

the death, incapacity or failure of my Son, **JASON M. BAKER,** to qualify as such, I nominate and appoint my Daughter-in-Law, **DAWN M. BAKER,** to serve as my Successor Trustee of any trust created hereunder for the benefit of the issue of Jason M. Baker.

By the use of the term Personal Representative, I intend to include the title "Executrix", "Executor" and "Administrator" as well as any other title used in this or any other jurisdiction to denote the person or persons having charge over the administration of my estate. Finally, I grant to my Personal Representatives named herein all of the powers granted to my Trustees.

**IN WITNESS WHEREOF,** I have hereunto subscribed my name and affixed my seal this _80_ day of _March_, 2018.

_Maria F Baker_ (SEAL)
**MARIA CONCETTA BAKER**

SIGNED, SEALED, PUBLISHED AND DECLARED by the above-named Testatrix, as and for her Last Will and Testament, in the presence of us, who, at her request, in her presence, and in the presence of each other, have hereunto subscribed our names as attesting witnesses.

_Brooke Ramran_
Signature

Brooke Ramran
Print Name

888 Bestgate Rd. Suite 402
Address

Annapolis, MD 21401
Address

_Alison Knott_
Signature

Alison Knott
Print Name

888 Bestgate Rd, Suite 402
Address

Annapolis, MD 21401
Address

_Maria F Baker_
**MARIA CONCETTA BAKER**